TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00184-CR






Gary Franklin, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 933724, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Gary Franklin was placed on deferred adjudication community supervision
after he pleaded guilty to sexual assault of a child. See Tex. Pen. Code Ann. § 22.011 (West Supp.
2005). The district court later revoked supervision, adjudicated appellant guilty, and imposed a fifty-four-month prison sentence. This appeal followed. (1)

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to
examine the appellate record and to file a pro se brief. No pro se brief or other written response to
counsel's brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous
and without merit. We find nothing in the record that might arguably support the appeal. Counsel's
motion to withdraw is granted.

The judgment of conviction is affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 30, 2006

Do Not Publish

1. The trial court initially certified that this was a plea bargain case and Franklin had no right of
appeal. In response to an order from this Court, the trial court corrected the certification to indicate
that Franklin had the right to appeal issues unrelated to the conviction. The court of criminal appeals
has since made it clear that defendants who receive deferred adjudication pursuant to a plea bargain
have a right of appeal following adjudication. See Hargesheimer v. State, 182 S.W.3d 906, 913
(Tex. Crim. App. 2006).